B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Rosine L. Garabedian | DEFENDANTS U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to La Salle Bank, N.A., As Trustee on behalf of the Holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY6; CCLM 28 Meacham Road, LLC; and Jonathan J. Carlson |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Ravosa Law Offices, P.C. 1 South Ave., Natick, MA 01760 (508) 655-3013 | ATTORNEYS (If Known) For CCLM 28 Meachen Road, LLC: K&L Gates, LLP 1 Congress St. Ste. 2900, Boston, MA 02114 |
|---|---|

| PARTY (Check One Box Only) ■ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ■ Creditor ■ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks either to avoid or invalidate an alleged pre-petition foreclosure. 11 U.S.C. §§ 105, 522 541, 544, 548, 549, 550, 362, and 28 U.S.C. § 2201

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property** ☐ 11-Recovery of money/property - §542 turnover of property ☐ 12-Recovery of money/property - §547 preference ☑ 13-Recovery of money/property - §548 fraudulent transfer ☑ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)** ☐ 61-Dischargeability - §523(a)(5), domestic support ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury ☐ 63-Dischargeability - §523(a)(8), student loan ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) ☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** ☐ 71-Injunctive relief – imposition of stay ☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property** ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest** ☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge** ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment** ☑ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation** ☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action** ☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability** ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column)** | **Other** ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. ☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought |
|---|
| |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re:<br><br>ROSINE L. GARABEDIAN,<br><br><br><br>Debtor | ) ) ) ) ) ) ) ) ) |
| ROSINE L. GARABEDIAN,<br>*In her Personal Capacity and as Trustee of*<br>*The Garabedian Revocable Trust,*<br><br>Plaintiff<br><br>v.<br><br>U.S. BANK, N.A., SUCCESSOR TRUSTEE<br>TO BANK OF AMERICA, N.A.,<br>SUCCESSOR IN INTEREST TO LA SALLE<br>BANK, N.A., AS TRUSTEE, ON BEHALF<br>OF THE HOLDERS OF THE WAMU<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2007-HY6,<br><br>CCLM 28 MEACHEN ROAD, LLC, AND<br><br>JONATHAN J. CARLSON,<br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CHAPTER 13
CASE NO. 24-40619-EDK

ADV. PROC. NO.

### <u>VERIFIED COMPLIANT TO ENJOIN COMPLETION OF FORECLOSURE AUCTION AND/OR CORRECTION OF CHAIN OF TITLE, RESTRAIN ENFORCEMENT OF LIEN AND AVOID TRANSFER OF REAL PROPERTYREGARDING A PURPORTED FORECLOSURE OF REAL PROPERTY</u>

Pursuant to 11 U.S.C. §§ 522, 541, 544 548, 362, 105(a), Mass. Gen. Laws ch. 109A, and

Fed. R. Bankr. P. 7001(1), the Debtor, Rosine L. Garabedian, in her personal capacity and as

1

Trustee of The Garabedian Revocable Trust (hereinafter, "Plaintiff") by and through her

undersigned Counsel, seeks to avoid an involuntary pre-petition transfer of property (through a

purported foreclosure) which the Plaintiff could have exempted in the underlying bankruptcy

case, a determination that the purported foreclosure action conducted by the Defendants was

invalid as a matter of law and that title to the subject property should, therefore, be quieted in the

Plaintiff and/or that the purported transfer of property through foreclosure is avoidable as a

fraudulent transfer pursuant to 11 U.S.C. § 548 and/or Mass. Gen. Laws ch. 109A, and violated

Mass. Gen. Laws ch. 244, and further, breached its duty to act in good faith and with reasonable

diligence in order to protect the Plaintiff/Debtor/Mortgagor's interest in the subject property, i.e.,

the equity.

## **JURISDICTION AND VENUE**

1. On June 13, 2024, ("the Petition Date"), the Plaintiff filed a voluntary petition in the

   United States Bankruptcy Court for the District of Massachusetts under Chapter 13 of the

   Bankruptcy Code, Case No. 24-40619.

2. The Court, therefore, has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This

   proceeding is a core proceeding. An Adversary Proceeding is required by Fed. R. Bankr.

   P. 7001 and the Court has jurisdiction to enter a final judgment. To the extent the Court

   finds any issues raised herein to be non-core proceedings, the Plaintiff consents to the

   Court's entry of a final judgment on all matters and issues asserted herein.

3. Venue of this action is appropriate based on the underlying bankruptcy case.

## **PARTIES**

4. The Plaintiff, Rosine L. Garabedian, is a natural person who maintains her principal

   residence at 28 Meachen Road, Sudbury, Middlesex County, Massachusetts 01776.

Rosine L. Garabedian is the currently-serving Trustee of The Garabedian Revocable Trust u/d/t dated November 6, 2020.

5. Defendant U.S. Bank, N.A. ("US BANK"), is an FDIC-insured depository corporation with a principal place of business located at 425 Walnut Street, Cincinnati, Ohio 45202, and is the purported holder of the note and mortgage on the Plaintiff's principal residence. Defendant US BANK is sued not in its individual capacity but as Successor Trustee to Bank of America N.A., successor in interest to La Salle Bank, N.A., as Trustee, on behalf of the holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-HY6.

6. Defendant US BANK regularly transacts business in the Commonwealth of Massachusetts.

7. Defendant CCLM 28 Meachen Road, LLC ("CCLM") is a limited liability company, organized under the laws of the Commonwealth of Massachusetts, and has a principal place of business located at 26 Cross Street, Boston, MA 02129.

8. Defendant Jonathan J. Carlson ("CARLSON") is a natural person who both lives in and regularly transacts business in the Commonwealth of Massachusetts. Defendant CARLSON maintains his principal residence at 88 Chandler Street #3, Boston, MA 02116.

9. Upon information and belief, Defendant CARLSON is a member-manager of Defendant CCLM, and is sued both in his individual capacity and in his capacity as member-manager of CCLM.

10. Defendants CARLSON and CCLM (collectively, the "CARLSON DEFENDANTS") are seasoned investors in real property who purchase distressed real property in the

Commonwealth of Massachusetts and were the high bidder(s) at the purported

foreclosure of the subject property which took place on or about June 11, 2024 (the

"Foreclosure").

## NATURE OF THE ACTION

11. This proceeding seeks to set aside the purported foreclosure auction of the Plaintiff's real

    property, that as of this writing, is incomplete, located at and known as 28 Meachen

    Road, Sudbury, Middlesex County, Massachusetts 01776 (the "Property"), that occurred

    on or about June 11, 2024, and, pursuant to 11 U.S.C. § 522(h) and/or 362(a), prevent the

    completion of the transfer of the subject property to the high bidder(s), in effect

    restraining Defendant US BANK's enforcement of the mortgage lien on the subject

    premises and return all parties to the status quo ante, in addition to seeking damages,

    costs, and legal fees.

## FACTS

12. On or about March 10, 2003, the Plaintiff took title to the subject property via a quitclaim

    deed to herself and Alishan Garabedian, husband and wife, as tenants by the entirety,

    dated March 6, 2003, and recorded in the Middlesex (Southern District) Registry of

    Deeds in Book 38242, Page 538.

13. On or about April 9, 2007, the Plaintiff and Alishan Garabedian executed a promissory

    note allegedly in favor of Washington Mutual Bank, F.A. in the original principal balance

    of $768,000.00 (the "Note").

14. On or about April 9, 2007, the Plaintiff and Alishan Garabedian executed an alleged

    mortgage in favor of Washington Mutual Bank, F.A., securing the Note. The alleged

    mortgage was recorded in the aforementioned Registry of Deeds in Book 49286, Page 46.

15. On or about June 12, 2019, Alishan Garabedian passed away. A Certificate of Death issued by the Commonwealth Massachusetts Registry of Vital Records and Statistics was recorded in the aforementioned Registry of Deeds in Book 76460, Page 1.

16. On or about December 17, 2020, JPMorgan Chase Bank, National Association, successor in interest by purchase from the Federal Deposit Insurance Corporation ("FDIC") as Receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, F.A. recorded an assignment of the Mortgage to Defendant US BANK. The assignment is recorded in the aforementioned Registry of Deeds in Book 77073, Page 411.

17. No assignment is recorded from either Washington Mutual or FDIC to JPMorgan Chase Bank, National Association.

18. On or about January 8, 2021, the Plaintiff executed a deed conveying the Property to the Plaintiff as Trustee of the Garabedian Revocable Trust u/d/t dated November 20, 2020. The deed is recorded in the aforementioned Registry of Deeds in Book 76663, Page 311.

19. On September 26, 2022, the Plaintiff recorded a Declaration of Homestead, pursuant to Mass. Gen. Laws ch. 188, in the aforementioned Registry of Deeds in Book 76663, Page 315.

20. On or about June 11, 2024, Defendant US BANK conducted a purported foreclosure of the Property, at which sale the CARLSON DEFENDANTS were the alleged high bidders.

21. The winning bid was in the amount of $970,000.00.

22. On the date of the purported foreclosure, the Property had an estimated fair market value of $2,058,800.00, according to Zillow.com and has an assessed value of $2,093,700.00

according to the Town Of Sudbury's official assessment on record with the assessor's office

23. Should this purported foreclosure be allowed to consummate, the Plaintiff could be divested of $1,290,000.00 in equity.

24. On or about June 12, 2024, Defendant US BANK recorded a Certificate of Entry to Foreclose (the "Certificate") the subject mortgage pursuant to Mass. Gen. Laws ch. 188 §§ 1 and 2. The Certificate is recorded in the aforementioned Registry of Deeds in Book 82874, Page 143.

25. The Certificate, executed by two purported witnesses, recites the chain of assignments and states that a person, apparently named Tina Towie, entered the premises for the purpose of foreclosure and that they also witnessed "[Defendant US BANK] sell the mortgaged premises at public auction by Matthew Power of Tache Auction & Sales, Inc. who executed a Memorandum of Terms and Conditions for the Purchase at the Mortgagee's Foreclosure Sale."

26. The Certificate does not "fully and particularly stat[e] the person's acts [. . .]" nor does it "show that the requirements of the power of sale and the law have been complied with in all respects." Mass. Gen. Laws ch. 244 § 15(b).

27. The Certificate does not attest that the requirements of Mass. Gen. Laws ch. 244 § 14 have been complied with.

<u>**COUNT I**</u>
**<u>AVOIDANCE OF INVOLUNTARY PRE-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 522(h) AND 11 U.S.C. § 544</u>**
*Rosine L. Garabedian, in her personal capacity and as Trustee of The Garabedian Revocable Trust*
*v.*
*All Defendants*

28. The Plaintiff repeats and reavers paragraphs one through twenty-seven of this Complaint as if expressly rewritten and set forth herein.

29. The Plaintiff has $1,290,000.00 of equity in the subject property.

30. The Plaintiff could, and has, exempted $500,000.00 of the subject property pursuant to 11 U.S.C. § 522(b)(3)(A) and Mass. Gen. Laws ch. 188.

31. The subject property was, allegedly, transferred, pre-petition, from the Plaintiff by Defendant US BANK to Defendant CARLSON and/or CARLSON CAPITAL through a purported foreclosure of the subject property.

32. The Chapter 13 Trustee has not sought to avoid the transfer.

33. The transfer sought to be avoided, the purported foreclosure, was involuntary.

34. The Plaintiff has never concealed the property – indeed it has been listed on Schedule A since the Petition Date, along with the accompanying claim of exemption on Schedule C.

35. In order to be enforceable against a subsequent *bona fide* purchaser, a transfer of land in the Commonwealth of Massachusetts must be recorded in the appropriate registry of deeds.

36. As neither the foreclosure deed nor an affidavit of sale (including copies of the pre-foreclosure notices published in the newspaper) were recorded prior to the Petition Date, and as of the date of this Complaint, has not been recorded, the Trustee could avoid the transfer pursuant to 11 U.S.C. § 544(a)(3). *See generally Luu Tran v. Citizens Bank, N.A. (In re Luu Tran)*, 656 B.R. 295 (D. Mass. 2024); *Neiva v. Loancare, LLC, et al. (In re Neiva)*, 2024 Bankr. LEXIS 337 (Bankr. D. Mass 2024).

37. The Trustee has not attempted to avoid the transfer using Section 544 strong-arm powers.

38. Therefore, the transfer is avoidable, without regard to the validity of the alleged

foreclosure sale, to the extent of at least $500,000.00.

WHEREFORE, the Plaintiff demands a judgment against the Defendants, avoiding the transfer

of the Debtor's equity of redemption, plus interest, costs, and reasonable attorneys' fees.

**COUNT II**
**DECLATORY JUDGMENT (28 U.S.C. § 2201)**
**THAT THE DEFENDANTS VIOLATED FORECLOSURE STATUTES AND THAT**
**THE PURPORTED FORECLOSURE SALE IS THEREFORE VOID AS A MATTER OF**
**LAW**
**Rosine L. Garabedian, in her personal capacity and as Trustee of The Garabedian**
**Revocable Trust**
**v.**
**U.S. Bank**

39. The Plaintiff repeats and reavers paragraphs one through thirty-eight of this Complaint as

if expressly rewritten and set forth herein.

40. Mass. Gen. Laws Chapter 244, § 14, as interpreted by the U.S. Bankruptcy Court and

Massachusetts Supreme Judicial Court state that a foreclosing mortgagee owes a duty of

good faith and reasonable diligence to the mortgagor.

41. Indeed, in Massachusetts, mortgagees must strictly comply with the terms of the

Statutory Power of Sale and all statutes relating to non-judicial foreclosures.[1]

42. Furthermore, Mass. Gen. Laws Chapter 244, § 14 has been expressly identified as one of

those statutes relating to foreclosures, with which strict compliance is required.[2]

---

[1] "This court has recently reemphasized the point that in light of the substantial power that the statutory scheme affords to a [mortgagee] to foreclose without immediate judicial oversight, we adhere to the familiar rule that 'one who sells under a power [of sale] must follow strictly its terms'; the failure to do so results in no valid execution of the power, and the sale is wholly void," *Pinti v. Emigrant Mortg. Co.*, 33 N.E.3d 1213, 1218 (Mass. 2015), internal citations omitted.

[2] "As *Schumacher*, 467 Mass. at 429, 5 N.E.3d 882, suggests, there is a well-established set of statutes relating to mortgage foreclosures effected pursuant to a power of sale," id., are set out in G.L. c. 244, §§ 11 –17C. See *Eaton*, 462 Mass. at 581, 969 N.E.2d 1118 ("In addition to G.L. c. 183, § 21, itself, the 'statutes relating to the foreclosure of mortgages by the exercise of a power of sale', are set out in G.L. c. 244, §§ 11 –17C "); *U.S. Bank v. Ibanez*, 458 Mass. at 646, 941 N.E.2d 40 (power of sale in mortgage includes reference to G.L. c. 183, § 21, and is "further regulated by G.L. c. 244, §§ 11 –17C "). Each of the statutes included within G.L. c. 244, §§ 11 –17C, pertains to the process and mechanics of the foreclosure sale itself." Id. at 1244.

43. Defendant US BANK has manifestly and materially failed to meet its obligations of strict compliance with Mass. Gen. Laws Chapter 244, § 14.

44. Defendant US BANK failed to make even bare minimal attempts to market the Property to attract high bidders.

45. Defendant US BANK failed to acquire an appraisal of the Property from a duly licensed real estate appraiser prior to the purported foreclosure.

46. Defendant US BANK failed to employ the services of a real estate broker to market the Property for sale and/or to attract bidders to the auction.

47. Defendant US BANK failed to list the Property for sale in the real estate section of local newspapers.

48. Defendant US BANK has manifestly failed to use good faith and reasonable diligence to market the Property and attract high bids.

49. Therefore, the purported foreclosure is void.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject foreclosure auction and enter judgment against the Defendants in an amount sufficient and reasonable to adequately compensate the Plaintiff for the damages that she has incurred, plus interest, costs, and reasonable attorneys' fees.

## COUNT III
## AVOIDANCE OF TRANSFER AS FRAUDULENT PURSUANT TO 11 U.S.C. §§ 522(h) AND 548
**Rosine L. Garabedian, in her personal capacity and as Trustee of The Garabedian Revocable Trust**
**v.**
**All Defendants**

50. The Plaintiff repeats and reavers paragraphs one through forty-nine of this Complaint as if expressly rewritten and set forth herein.

9

51. 11 U.S.C. §§ 522(h) and 548 allows "an estate representative to avoid a transfer made or obligation incurred within" two years before the bankruptcy petition was filed.[3]

52. The Chapter 13 Trustee has not sought to avoid the transfer.

53. One way to prevail under this statute is by proving, by a preponderance of the evidence, that the Debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation," and the Debtor "was insolvent on the date such transfer was made [. . .] or became insolvent as a result of such transfer." 11 U.S.C. § 548(a)(1)(B).

54. In considering whether Section 548 may be used to avoid foreclosures where the winning bid is lower than the value of the property, the Supreme Court held that a fair and proper price, or a "reasonably equivalent value," for foreclosed property, is the price in fact received at the foreclosure sale, *so long as all the requirements of the State's foreclosure law have been complied with.*[4]

55. As previously demonstrated, Defendants have manifestly failed to strictly comply with Massachusetts' foreclosure statute(s), particularly Mass. Gen. Laws ch. 244 § 14.

56. However, the Defendants have also breached other duties with respect to foreclosing a mortgage in Massachusetts.

57. In Massachusetts, in order to comply with the foreclosure laws, the mortgagee must, in addition to a "literal compliance with the terms of the power (of sale), was bound to exercise good faith and to put forth reasonable diligence to protect the interests of the mortgagor."[5]

58. As detailed below, Defendants have breached the duty of good faith and reasonable diligence in conducting the sale.

---

[3] *In re Tri-Star Technologies, Inc.*, 260 B.R. 319, 323 (Bankr. D. Mass. 2001).
[4] *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 545 (1994).

59. Therefore, Defendants have not complied with the requirements of the Commonwealth's foreclosure laws, have not provided a reasonably equivalent price, which, in turn, allows for the avoidance of the sale as a fraudulent transfer under 11 U.S.C. §§ 548 and/or 549.

60. The sale price may be grossly inadequate and is indicative of bad faith when coupled with the lack of diligence in Defendants' (lack of) marketing of the property for sale, and is grounds to void the foreclosure auction.

61. To the best of Plaintiff's knowledge, there was no advertising in the real estate section of any newspaper, nor was there any notice given to real estate brokers within a limited radius of the property.

62. Neither Defendants, nor any party acting on their behalf, made any effort to seek Plaintiff's permission for potential bidders to inspect the interior of the home.

63. No good faith effort whatsoever was made by Defendants to market the subject property for sale and, as a direct result thereof, the property was knowingly and recklessly sold by Defendants for grossly below fair market value.

64. Should the sale be completed, this will result in a loss by the Plaintiff of a substantial amount of her equity in said real estate, which she is entitled to as a matter of law and equity.

WHEREFORE, the Plaintiff demands a judgment against the Defendants, avoiding the transfer of the Debtor's equity of redemption, plus interest, costs, and reasonable attorneys' fees.

### COUNT IV
### VIOLATION OF MASS. GEN. LAWS. Ch. 109A AS A FRAUDULENT CONVEYANCE
**Rosine L. Garabedian, in her personal capacity and as Trustee of The Garabedian Revocable Trust**
**v.**

---

[5] *Atlas Mort. Co. v. Tebaldi*, 304 Mass. 554, 557 (1939).

**All Defendants**

65. The Plaintiff repeats and reavers paragraphs one through sixty-four of this Complaint as if expressly rewritten and set forth herein.

66. If allowed to be concluded, the sale and transfer of the subject property is a violation of the Massachusetts Uniform Fraudulent Transfer Act.

67. Defendants failed to act in good faith and use reasonable diligence to protect the interest of the mortgagor in engaging in such conduct that would catastrophically divest the Plaintiff of a substantial amount of her equity that she is entitled to as a matter of law and equity.

68. The sale of the subject property is a violation of the Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. Laws ch. 109A as the sale took place for less than market value and is a fraudulent conveyance, under 11 U.S.C. § 548 and 549 which command that present fair market equivalent value must be obtained before the foreclosure sale will be left undisturbed by the Bankruptcy Court.

69. "The analysis of what constitutes 'reasonably equivalent value' under" Mass. Gen. Laws ch. 109A "mirrors the analysis of 'reasonably equivalent value' under 11 U.S.C. § 548."[6]

70. The Plaintiff may prevail under 11 U.S.C. § 548 by proving, by a preponderance of the evidence, that the Debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation," and the Debtor "was insolvent on the date such transfer was made [. . .] or became insolvent as a result of such transfer." 11 U.S.C. § 548(a)(1)(B).

---

[6] *In re Sergio*, 552 B.R. 9, 17 (Bankr. D. Mass. 2016), citing *In re Tri-Star Technologies, Inc.*, 260 B.R. 319, 324 (Bankr. D. Mass. 2001).

71. In considering whether Section 548 may be used to avoid foreclosures where the winning bid is lower than the value of the property, the Supreme Court held that a fair and proper price, or a "reasonably equivalent value," for foreclosed property, is the price in fact received at the foreclosure sale, *so long as all the requirements of the State's foreclosure law have been complied with*.[7]

72. As previously demonstrated, Defendants have manifestly failed to strictly comply with Massachusetts' foreclosure statute(s), particularly Mass. Gen. Laws ch. 244 § 14.

73. However, the Defendants have also breached other duties with respect to foreclosing a mortgage in Massachusetts.

74. In Massachusetts, in order to comply with the foreclosure laws, the mortgagee must, in addition to a "literal compliance with the terms of the power (of sale), was bound to exercise good faith and to put forth reasonable diligence to protect the interests of the mortgagor."[8]

75. As detailed below, Defendants have breached the duty of good faith and reasonable diligence in conducting the sale.

76. The sale price is grossly inadequate and is indicative of bad faith when coupled with the lack of diligence in Defendants' (lack of) marketing the property for sale and is grounds to void the foreclosure auction.

77. To the best of Plaintiff's knowledge, there was no advertising in the real estate section of any newspaper, nor was there any notice given to real estate brokers within a limited radius of the property.

---

[7] *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 545 (1994).
[8] *Atlas Mort. Co. v. Tebaldi*, 304 Mass. 554, 557 (1939).

78. Neither Defendants, nor any party acting on their behalf, made any effort to seek Plaintiff's permission for potential bidders to inspect the interior of the home.

79. No good faith effort whatsoever was made by Defendants to market the subject property for sale and, as a direct result thereof, the property sold for far below market value.

80. Should the sale be completed, this would result in a loss by the Plaintiff of a substantial amount of equity in said real estate.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject foreclosure auction and enter judgment against the Defendants in an amount sufficient and reasonable to adequately compensate the Plaintiff for the damages that she has incurred, plus interest, costs, and reasonable attorneys' fees.

## COUNT V
## BREACH OF THE DUTY OF GOOD FAITH AND REASONABLE DILIGENCE
**Rosine L. Garabedian, in her personal capacity and as Trustee of The Garabedian Revocable Trust**
**v.**
**U.S. Bank**

81. The Plaintiff repeats and reavers paragraphs one through eighty of this Complaint as if expressly rewritten and set forth herein.

82. In Massachusetts, a mortgagee who attempts to execute a power of sale contained in a mortgage is bound to exercise good faith and use reasonable diligence to protect the rights and interests of the mortgagor under the contract.[9]

83. "Consistent with the requirements, the mortgagee has a duty 'to obtain for the property as large a price as possible.'"[10]

---

[9] *In re Edry*, 201 B.R. 604 (Bankr. D. Mass. 1996). See also: *In re Brandao*, 567 B.R. 396, 405 (Bankr. D. Mass. 2017) "A mortgage holder must not only act in strict compliance with its power of sale but must also act in good faith and use reasonable diligence to protect the interests of the mortgagor," quoting *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637 647 n.16 (Mass. 2011).

[10] *In re Brandao*, 567 B.R. at 406, quoting *Williams v. Resolution GGF OY*, 417 Mass. 377 (1994).

84. A disparity in price alone is not sufficient to invalidate a foreclosure, but along with other circumstances, it can be.[11]

85. Where the mortgagee fails to adequately advertise the property and provides no notice to those who may be interested in purchasing the property, together with a grossly inadequate sale price, a foreclosure may be invalidated.[12]

86. The sale price of the subject property at the purported auction on June 11, 2024 may have been so grossly inadequate so as to indicate bad faith on the part of the Defendants.

87. The successful bidder submitted a high in the amount of only $970,000.00.

88. The fair market value of the property is approximately $2,058,800.00 according to Zillow, and has an assessed value of $2,093,700.00 according to the Town of Sudbury's Assessor, and the Plaintiff owes approximately $768,000.00 to the Defendant, US BANK.

89. To the best of Plaintiff's knowledge, there was no advertising in the real estate section of any newspaper, only the statutory notices of sale, and there was no notice given to real estate brokers within a limited radius of the property, nor did the Defendants, nor any parties acting on their behalf, request access to the property to market it for sale or to show to potential bidders.

90. Should the sale be completed, it will result in the loss by the Plaintiff of a substantial amount of equity in said real estate.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject foreclosure action and enter judgment against Defendants in an amount sufficient and

---

[11] Id. at 606
[12] *Bon v. Graves*, 216 Mass. 440 (1914).

reasonable to adequately compensate Plaintiff for the damages that she has incurred, plus

interest, costs, and reasonable attorneys' fees.

## COUNT VI
## UNJUST ENRICHMENT
**Rosine L. Garabedian, in her personal capacity and as Trustee of The Garabedian
Revocable Trust
v.
All Defendants**

91. The Plaintiff repeats and reavers paragraphs one through ninety of this Complaint as if

expressly rewritten and set forth herein.

92. If Defendants are allowed to continue with the enforcement of the lien and transfer the

subject property to the purchaser or the nominee of same, that would operate to the

unconscionable detriment of the Plaintiff to have her equity in the subject property

transferred to the purchaser in exchange for payment of less than fair market value at a

time when the Debtor was insolvent.

93. If the transfer of the subject property were to occur, Defendants would be eviscerating

Plaintiff's equity stake in the subject property by recording a foreclosure deed to the

purchaser, thereby allowing the purchaser to knowingly abscond with Plaintiff's equity

(thereby enriching themselves by an equal amount) of said equity.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject

foreclosure action and enter judgment against Defendants in an amount sufficient and

reasonable to adequately compensate Plaintiff for the damages that she has incurred, plus

interest, costs, and reasonable attorneys' fees.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court enter an Order that:

1. The foreclosure auction and sale of the Plaintiff's residence be avoided pursuant to 11 U.S.C. §§ 522(h) and 544(a), and/or 11 U.S.C. § 548

2. Declaring that the Defendants lacked statutory authority to foreclose on the subject residence and that the June 11, 2024 foreclosure is declared to be a legal nullity;

3. Declaring that the Defendants failed to act in good faith and use reasonable diligence to protect the Plaintiff's equity; therefore, the June 11, 2024 foreclosure is declared a legal nullity;

4. Declare the foreclosure voided;

5. Decrees that Defendant U.S. Bank, N.A., Successor Trustee to Bank of America N.A., successor in interest to La Salle Bank, N.A., as Trustee, on behalf of the holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-HY6 is enjoined from enforcing its lien and transferring the subject premises by deed or otherwise, to the high bidder, or any other individual or entity;

6. Defendants take all necessary steps to reflect the avoidance of the sale within thirty days of the entry of the Order to restore title to the Plaintiff;

7. The transfer be preserved for the benefit of the Plaintiff; and that the Plaintiff's interest in the property is property of his estate that is exempt property pursuant to Mass. Gen. Laws Ch. 188 § 1;

8. Award Plaintiff damages in an amount that the Court determines;

9. Award Plaintiff's costs;

10. Award Plaintiff's reasonable attorney's fees;

11. Grant any other relief, which this Court deems necessary and proper pursuant to 11 U.S.C. § 105.

*[This Space Intentionally Left Blank]*

## VERIFICATION

I, Rosine L. Garabedian, am of lawful age and swear under the pains and penalties of perjury that I am the above named Plaintiff and that I have read the foregoing complaint and know the contents thereof and that the material facts therein set forth are all the material facts known to me, and are true, except for those facts set forth that are based on information and belief.

*Rosine Linda Garabedian*

**Rosine L. Garabedian, in her personal capacity
and as Trustee of The Garabedian Revocable
Trust u/d/t dated November 6, 2020**

*Signed and dated this* 4 *day of* July , 2024.

Respectfully submitted,

The Debtor/Plaintiff,
Rosine L. Garabedian, in her personal
capacity and as Trustee of The Garabedian
Revocable Trust

By her attorneys,

/s/ Richard S. Ravosa
Richard S. Ravosa, Esquire
BBO No. 635846
massachusettsbankruptcycenter@gmail.com
Matthew M. Hamel, Esquire
BBO No. 697773
mhamel@ravosalaw.com
Ravosa Law Offices, P.C.
300 Commercial Street, Suite 2
Boston, MA 02109
(617) 720-1101 tel
(617) 720-1104 fax

Dated: July 9, 2024